# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-06-00601-CV

**In re Clifford Zeifman**

ORIGINAL PROCEEDING FROM TRAVIS COUNTY

### M E M O R A N D U M   O P I N I O N

Relator Clifford Zeifman filed a petition for writ of mandamus challenging the district court's order on his "First Amended Motion to Implement Third Court of Appeals's Judgment and Opinion Concerning Educational Decisions for [A.A]." *See* Tex. R. App. P. 52.1, 52.10(a). Real party in interest, Sheryl Michels, filed a response to Zeifman's petition. Both parties rely upon this Court's opinion and judgment in *Zeifman v. Michels*, No. 03-05-00533-CV, 2006 Tex. App. LEXIS 6881 (Tex. App.—Austin Aug. 4, 2006, pet. denied).

In that opinion, the panel majority determined, based upon the record then before us, that there was legally insufficient evidence of changed circumstances that could support granting Michel's petition for modification of conservatorship.[1] We vacated the district court's May 27, 2005 order modifying conservatorship, leaving the parties to resolve any disputes concerning A.A.'s education according to their agreed-upon mechanisms in their original divorce decree.

---

[1] The concurring justice found sufficient evidence of changed circumstances but that, based upon the record before us, the district court had abused its discretion in modifying conservatorship.

We accordingly deny Zeifman's petition for mandamus. We cannot overlook, however, a record reflecting that, since our August 4, 2006 opinion, the parties have pursued extensive and acrimonious litigation over which school A.A. should attend.[2] The dispute mechanism in the current divorce decree does not appear likely to resolve these differences anytime soon, and, if anything, may compound their negative impact by placing A.A.'s teachers and the school systems in the parents' legal crossfire. The divorce decree contemplates that its provisions may be modified by a court of competent jurisdiction, and nothing in our August 4 opinion would prevent the district

[2] The following litigation transpired within a two-month period following this Court's August 4 opinion. Michels filed suit against the Austin Independent School District and obtained a temporary retraining order preventing AISD from permitting A.A. to enroll or attend class at Bryker Woods. Zeifman filed a petition in intervention and motion to dismiss in Michels's suit against AISD, urging that Michels's suit was an attempt to circumvent the jurisdiction of the courts with jurisdiction over their domestic dispute. Zeifman also moved for sanctions, claiming that Michel's suit was frivolous and that her counsel had deliberately filed it without notifying him and at a time when she knew Zeifman's counsel was out of town. But Michels and AISD reached an agreement whereby AISD promised to prohibit A.A.'s enrollment or attendance at Bryker Woods and refrain from any action facilitating her attendance at the school until it received a final, non-appealable order expressly authorizing the child's enrollment and attendance. Michels then nonsuited her suit against AISD and, on this basis, moved to strike Zeifman's petition in intervention. The district court granted Michels's motion to strike the intervention, denied Zeifman's motion for sanctions, and dismissed as moot Zeifman's motion to dismiss.

Meanwhile, Zeifman filed a "Motion to Implement Third Court of Appeals's Judgment and Opinion Concerning Educational Decisions for [A.A.]." Michels responded with a plea to the jurisdiction on the basis that the district court lacked jurisdiction because her motion for rehearing of our August 4 opinion was still pending before us. After our mandate issued, Zeifman filed a first amended motion to implement the Third Court of Appeals's judgment. During the next two weeks, Michels filed in district court a motion for continuance, an amended plea to the jurisdiction (now relying upon a petition for review and mandamus petition she filed with the Texas Supreme Court), and a motion to enforce the divorce decree. Her motion to enforce attached a written recommendation from A.A.'s current teacher at St. Andrews—where Michels had enrolled A.A. while the district court's 2005 modification order remained in effect—to the effect that A.A. should remain at St. Andrews. Zeifman countered that A.A. should be re-enrolled at Bryker Woods, based on a recommendation from A.A.'s Bryker Woods teacher at time this dispute originated.

court from considering, in light of the litigation since our opinion, whether the dispute mechanism in the decree has become unworkable so as to constitute a changed circumstance supporting modification in A.A.'s best interest.

We would also suggest that the adversarial processes of our court system may not be the best means of determining which school A.A. should attend. A.A.'s parents—not the courts or other third parties—are in the best position, perhaps with the assistance of a competent mediator, to make that determination in A.A.'s best interests, and thereby avoid further expensive and acrimonious litigation that could adversely impact A.A., their other child, each other, and possibly others.

_____

Bob Pemberton, Justice

Before Justices B.A. Smith, Pemberton and Waldrop

Filed: November 22, 2006

3